RUSSELL FENN, JR. and ANNA FENN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fenn v. Commissioner
Docket No. 11113-77.
United States Tax Court
T.C. Memo 1980-229; 1980 Tax Ct. Memo LEXIS 359; 40 T.C.M. (CCH) 559; T.C.M. (RIA) 80229; June 30, 1980, Filed *359 Held, amounts paid by petitioners' wholly owned corporation to petitioners' son and the son's wholly owned corporation constituted constructive dividends to petitioners. Joseph G. Aronson, for the petitioners. Joseph F. Maselli, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND *360 OPINION WILES, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes: Year
Deficiency
1974
$ 9,580.61
1975
$12,188.60
The sole issue for decision is whether the amounts paid during the years 1974 and 1975 to Fenn Service Center, Inc., and Russell Fenn III by Fenn and Sons, Inc., of which petitioner Russell Fenn, Jr., was the sole shareholder, were bona fide loans or constituted constructive dividends to the petitioners. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Russell Fenn, Jr. (hereinafter petitioner) and Anna Fenn, husband and wife, resided at East Paterson, New Jersey, when they timely filed their joint Federal income tax returns for the years 1974 and 1975 with the District Director of the Internal Revenue Service, Newark, New Jersey. They resided at Elmwood Park, New Jersey, when they filed their petition in this case. Petitioner is the president and sole shareholder of Fenn and Sons, Inc., a corporation engaged in the business of selling insurance. Petitioner's son, Russell Fenn III, was the president and sold shareholder of Fenn Service Center, Inc., a corporation *361 engaged in the business of operating a gasoline service station. During the years 1974 and 1975, Fenn and Sons, Inc., made payments to Fenn Service Center, Inc., as follows: Year/or Part of Year
Amount of Payments
1974
$14,550.00
1/1/75-5/31/75
14,836.00
6/1/75-12/31/75
15,000.00
These payments were charged on the books of Fenn and Sons, Inc., as loans receivable from Fenn Service Center, Inc. On September 9, 1974, Fenn and Sons, Inc., paid $9,350.00 by check to the order of Schneider Cadillac for the purchase of a 1974 Cadillac. This Cadillac was registered in the name of Fenn Service Center, Inc., and this purchase was charged on the books of Fenn and Sons, Inc., as a loan receivable from Fenn Service Center, Inc. On October 15, 1974, Fenn and Sons, Inc., made a payment of $7,950.00 to his son, Russell Fenn III, who used such amount as a downpayment on the purchase of a personal residence. The payments made by Fenn and Sons, Inc., to Fenn Service Center, Inc., and the amount of the check for the purchase of the Cadillac automobile were recorded as loans from shareholders on the balance sheet of the corporate income tax returns of Fenn Service Center, *362 Inc., for the fiscal years ended November 30, 1974 through November 30, 1976. The treatment of these payments as loans from the shareholders on the Fenn Service Center, Inc., income tax returns was inconsistent with the treatment of these payments by Fenn and Sons, Inc., as loans receivable from Fenn Service Center, Inc. Despite their need for funds during 1974 and 1975, Fenn Service Center, Inc., and Russell Fenn III never attempted to obtain loans from banks or other third parties. Fenn Service Center, Inc., had nominal taxable income during the fiscal year ending November 30, 1974, and severe losses during fiscal years ending November 30, 1975 and November 30, 1976. These losses were attributed to the gasoline shortage and to the closing of a large department store in the vicinity of the service station. No fixed repayment schedule was ever established between Fenn and Sons, Inc., and Fenn Service Center, Inc., or Russell Fenn III. No security agreements or other writings existed showing the payments made by Fenn and Sons, Inc., were secured by collateral pledged by Fenn Service Center, Inc., or Russell Fenn III. No interest was charged by Fenn and Sons, Inc., on the *363 payments made to or on behalf of Fenn Service Center, Inc., or to Russell Fenn III. Neither Fenn and Sons, Inc., nor petitioner, as president of that corporation, ever demanded repayments from Fenn Service Center, Inc., or Russell Fenn III. Any demand for repayment would have had a serious effect on Fenn Service Center, Inc., due to its unstable financial position during 1974 and 1975. Nonetheless, the corporation did make payments to Fenn and Sons, Inc., as follows: $825.00 in 1974; $300.00 by check dated October 25, 1976; and $707.26 in gas purchases, credited to the loan receivables of Fenn Service Center, Inc., during 1975 and 1976. Petitioner maintained the books and records of both Fenn and Sons, Inc., and Fenn Service Center, Inc. Petitioner's accountant, Kenneth J. Chazotte, prepared the tax returns for both corporations.These returns were prepared on the basis of information furnished by petitioner. On July 19, 1976, the Internal Revenue Service Center sent a letter to petitioner notifying him of an audit pursuant to which petitioner met with a revenue agent on September 14, 1976. Shortly after this meeting, on September 20, 1976, a note payable to Fenn and Sons, *364 Inc., by Fenn Service Center, Inc., in the amount of $36,442.75 was signed and delivered to Fenn and Sons, Inc. Such note provided for interest at the rate of six percent and monthly payments of $300.00 per month. Prior to this time, there were no notes or other writings evidencing that the payments from Fenn and Sons, Inc., to Fenn Service Center, Inc., were loans. In the notice of deficiency, respondent determined that the amounts paid to Fenn Service Center, Inc., and Russell Fenn III by Fenn and Sons, Inc., were distributions to petitioner taxable as ordinary income. Fenn and Sons, Inc., had never made any dividend distributions to petitioner, its sole shareholder. The corporation had sufficient earnings and profits to cover the amounts in dispute. OPINION The sole issue for decision is whether amounts paid during the years 1974 and 1975 to Fenn Service Center, Inc., and Russell Fenn III by Fenn and Sons, Inc., of which petitioner was the sole shareholder, were bona fide loans, as contended by petitioner, or constituted constructive dividends, as determined by respondent. The parties agree that Fenn and Sons, Inc., had at all times earnings and profits in excess of *365 the payments it made to Fenn Service Center, Inc., and Russell Fenn III. Section 61 provides that gross income includes dividends. Section 301 provides that a distribution of property by a corporation to a shareholder with respect to its stock is, to the extent that the distribution is a dividend as defined by section 316, includable in gross income. Section 316 defines a dividend as any distribution of property made by a corporation to its shareholders out of its earnings and profits accumulated after February 28, 1913. Section 317 defines "property" as including money, securities, and any other property. Whether withdrawals from a corporation represent loans or taxable dividend distributions depends upon all the facts and circumstances surrounding the transaction between the shareholders and the corporation. , affd. , cert. denied ; , affd. . The character of the transaction depends upon the intent of the taxpayer when the withdrawals *366 were made. , affd. 422 F: 2d 198 (5th Cir. 1970); . When the withdrawer is in substantial control of the corporation such control invites a special scrutiny of the transaction. ; We must reject petitioner's contention that the payments at issue were bona fide loans. The burden of proof was upon him, and the evidence submitted was far from satisfactory. We believe an analysis of the objective factors present in this case fails to establish that the parties intended the payments at issue to be bona fide loans. Prior to the audit of petitioner's income tax returns, there existed no notes or other writings establishing the payments made by petitioner's corporation created indebtedness. Petitioner met with a revenue agent for an audit on September 14, 1976. Only six days after this meeting, on September 20, 1976, was a note signed and delivered to Fenn and Sons, Inc., listing part of the payments made by the corporation to Fenn Service Center, *367 Inc., and Russell Fenn III as a loan. Although a writing in itself is not determinative, in view of other factors in this case, petitioner's posturing after his initial meeting with the revenue agent does nothing to strengthen his contention that a creditor-debtor relationship existed. Moreover, the evidence of repayments to the corporation lends little support to petitioner's position. At the time the payments were made, no repayment schedule was established. The repayments that were made were irregular and insignificant in comparison to the amounts advanced. No repayments were ever demanded from Fenn Service Center, Inc., or Russell Fenn III. Furthermore, the normal security and interest arrangements associated with a debtor-creditor relationship did not exist at the time the payments were made. The corporation charged no interest on the amounts it advanced, nor was any paid. No security agreements or other writings evidencing collateral pledged by Fenn Service Center, Inc., or Russell Fenn III existed. In sum, these payments were in sharp contrast to bona fide loans at arm's length between a debtor and a creditor. The treatment of the payments on the corporate books *368 and on tax returns as loans, while a factor to be considered, is not controlling. Book entries and records may not be used to conceal a situation which is not in reality what it is made to appear. . Petitioner, who had complete control over the bookkeeping and return preparation for both Fenn and Sons, Inc., and Fenn Service Center, Inc., treated the payments as loan receivables on the returns of Fenn and Sons, Inc., whereas they were treated as loans from shareholders on the returns of Fenn Service Center, Inc. This inconsistency further supports dividend treatment of the amounts at issue. Petitioner also argues that his corporation had a valid business purpose in making the payments. He testified that his corporation had obtained insurance business from Fenn Service Center, Inc., and his son, Russell Fenn III. In view that the payments were so disproportionate to the relatively insignificant insurance business provided by Fenn Service Center, Inc., and Russell Fenn III, we find petitioner's argument at best weak if not totally unconvincing.
Having determined that the amounts paid by petitioner's corporation *369 were not loans, we conclude that such amounts were in effect dividends to petitioner from his wholly owned corporation. Petitioner clearly exercised complete control over Fenn and Sons, Inc., by virtue of his sole shareholder status and channeled funds from that corporation to assist his son, Russell Fenn III, and his son's corporation, Fenn Service Center, Inc. Petitioner simply failed to carry his burden of showing that the amounts at issue were bona fide loans rather than dividend distributions which he transferred to his son and his son's corporation. To reflect the foregoing, Decision will be entered for the respondent.